CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 30, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **JOHN ADALF REICH,** | )<br>) |
| Petitioner, | )<br>) Case No. 7:24CV00553<br>) |
| v. | ) **OPINION**<br>) |
| **UNKNOWN,** | ) JUDGE JAMES P. JONES<br>) |
| Respondent. | )<br>) |

*John Adalf Reich, Pro Se Petitioner.*

The petitioner, John Adalf Reich, a Virginia inmate proceeding pro se, has filed a pleading that the court construed and docketed as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, based on Reich's title of the pleading. After review of the submission and court records, I conclude that the lawsuit is more appropriately construed as a civil rights complaint under 42 U.S.C. § 1983 and summarily dismissed as frivolous.

Reich's pleading, titled "Petition," states that he is asking the court "to issue Habeas Corpus." Compl. 1, ECF No. 1. Reich states that he is serving an eighteen-year prison term in the Virginia Department of Corrections. But later portions of the pleading indicate that the relief Reich seeks is to "appear, attest and prove" his accusations that in 2018 or 2019, state or federal officials supposedly "implanted explosive device[s]" in his body that will allegedly cause his death, and

he wishes "to make a video testament to bring to justice all involved." *Id*. He also wants the court "to order Cat-Scan and intrusive examinations by Doctors . . . who[] are trained in this domestic terrorist medical field to ensure the safety of those around" Reich. *Id*. He also apparently claims that since his incarceration, a state prosecutor and judge, along with various agents of state or federal courts or law enforcement agencies have worked together in some way to "torture" Reich while testing equipment for the United States military to make money. *Id*. at 3. Finally, Reich states that he has witnessed several executions instigated by such individuals and knows where hundreds of victims of such murders (men, women, and children) are buried.

A habeas petition is a proper remedy to challenge the fact or duration of an inmate's detention, but other issues related to the inmate's incarceration must be raised under other provisions, such as 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Here, Reich does not state that he is challenging the validity of his state court convictions or sentences, or the duration of his confinement in any way. A district court is not constrained by a pro se litigant's title of his pleading and may liberally construe a pleading type differently than the type the litigant has assigned to it. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). Accordingly, I conclude that Reich's petition is not properly considered as a § 2254 habeas petition, as the court previously interpreted it based on Reich's own

terminology. Rather, I will construe the pleading as a civil rights action under § 1983 seeking injunctive relief of various sorts.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. Reich's contentions in this lawsuit fall squarely into this class of claims. Accordingly, I will summarily dismiss the entire civil action under 28 U.S.C. § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

                                        DATED:   October 30, 2024

                                        /s/  JAMES P. JONES
                                        Senior United States District Judge